# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONALD DEE MARTIN,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:13-cv-00306-RCJ-WGC

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner needs to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of

certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

      The court takes judicial notice of the dockets of the Nevada Supreme Court in Martin v. State, No. 51244,[1] Martin v. State, No. 58437,[2] and Martin v. Baker, 61206.[3] Petitioner was convicted in state district court of one count each of conspiracy to commit robbery, burglary while in possession of a firearm, first-degree kidnaping with the use of a deadly weapon, battery with intent to commit a crime, robbery with the use of a deadly weapon, and possession of a firearm by an ex-felon. Petitioner appealed. The Nevada Supreme Court affirmed on September 3, 2009. The time to petition the Supreme Court of the United States for a writ of certiorari expired on, and the one-year federal period of limitation began after, December 2, 2009.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=19014 (report generated November 25, 2013).

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=26587 (report generated November 25, 2013).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=29372 (report generated November 25, 2013).

Two hundred ninety-six (296) days later, on September 24, 2010, petitioner filed his first state habeas corpus petition. The state district court denied the petition. Petitioner appealed. The Nevada Supreme Court affirmed on October 5, 2011. Remittitur issued on November 1, 2011.

Petitioner then filed a second state habeas corpus petition on November 16, 2011. The state district court dismissed the petition because it was untimely pursuant to Nev. Rev. Stat. § 34.726(1) and successive pursuant to Nev. Rev. Stat. § 34.810. Petitioner appealed. The Nevada Supreme Court affirmed for the same reasons on April 10, 2013. Remittitur issued on May 9, 2013. Because the Nevada Supreme Court determined that the second state petition was untimely, it was ineligible to toll the federal period of limitation. Pace, 544 U.S. at 417.

Five hundred eighty-one (581) days after the issuance of the remittitur in the first state habeas corpus proceedings, petitioner mailed his federal habeas corpus petition to this court on June 4, 2013.

On its face, the petition is untimely. A total of eight hundred seventy-seven (877) non-tolled days have passed between the finality of petitioner's judgment of conviction and the commencement of this action. Petitioner needs to show cause why the court should not dismiss this action as untimely.

IT IS THEREFORE ORDERED that the clerk of the court file the petition for a writ of habeas corpus.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

Dated this 4th day of December, 2013.

ROBERT C. JONES
Chief United States District Judge