# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONALD DEE MARTIN,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:13-cv-00306-RCJ-WGC

**ORDER**

    The court dismissed this action because it was untimely. Petitioner has filed a motion for relief of judgment (#9).[1] The court finds that relief is not warranted.

    For the purposes of the state one-year period of limitation of Nev. Rev. Stat. § 34.726(1), the Nevada Supreme Court issued the remittitur in the direct appeal on September 29, 2009. For the purposes of the federal one-year period of limitation of 28 U.S.C. § 2244(d)(1), petitioner's judgment of conviction became final on December 2, 2009. Petitioner filed his first state habeas corpus petition on September 24, 2010, 296 days later. The federal one-year period was tolled while the first state habeas corpus petition was pending. That petition concluded on November 1, 2011, when the Nevada Supreme Court issued its remittitur. Petitioner filed his second state habeas corpus petition on November 16, 2011. Both the state district court and the Nevada Supreme Court determined that the second state habeas corpus petition was untimely under § 34.726(1) because petitioner filed the second petition more than a year after issuance of the remittitur on direct appeal.

---

[1] The motion is timely. It was filed incorrectly in a new action less than a year after entry of judgment, and then it was transferred to this action.

Because the second state petition was untimely, it was not properly filed for the purposes of 28 U.S.C. § 2244(d)(2), and the time spent on the second state petition did not toll the federal one-year period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Consequently, the federal petition, mailed to this court on June 4, 2013, was considered filed 877 non-tolled days after the judgment of conviction had become final, and it was untimely. The court gave petitioner the opportunity to show cause why the petition should not be dismissed as untimely. Petitioner filed nothing within the allotted time. The court dismissed the action.

In the motion for relief, petitioner argues that the Nevada Supreme Court affirmed the dismissal of the second state habeas corpus petition because petitioner filed that petition more than two years after issuance of the direct-appeal remittitur, "When in fact petitioner had the first writ of habeas corpus under 'collateral review' which stops the tolling of time." Motion, at 2 (#9). In other words, the Nevada Supreme Court should have ruled under state law that the second state habeas corpus petition was timely, which, in turn, would make the federal habeas corpus petition filed in this action timely.

Petitioner is incorrect. Petitioner might be confusing the federal statute of limitations, 28 U.S.C. § 2244(d), with the state statute of limitations, Nev. Rev. Stat. § 34.726(1). The federal one-year period is tolled while a post-conviction petition or other collateral petition is pending in state court. 28 U.S.C. § 2244(d)(2). The state statute of limitations does not have an equivalent tolling provision, and the Nevada Supreme Court never has held that the statute implies such a tolling provision.[2] This court cannot question the decision of the Nevada Supreme Court that the second state habeas corpus petition is untimely. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). Petitioner has not given the court any reason to grant him relief from the judgment.

---

[2]Likewise, within the federal court system a prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

1    Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the
2 court will not issue a certificate of appealability.
3    Petitioner also has filed a motion for the appointment of counsel (#10).  The court denies this
4 motion because it is denying the motion for relief, and consequently there is no reason to appoint
5 counsel.
6    IT IS THEREFORE ORDERED that petitioner's motion for relief of judgment (#9) is
7 **DENIED**.
8    IT IS FURTHER ORDERED that petitioners' motion for the appointment of counsel (#10)
9 is **DENIED**.
10    IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
11    Dated:   March 29, 2016.

_____
ROBERT C. JONES
United States District Judge